UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LINDSAY A. GINGER,

   Plaintiff,

  v.            Case No. 25-194

FROEDTERT HEALTH, INC.,

   Defendant.

---

NOW COMES the Plaintiff, Lindsay Ginger, through her attorneys, Alan C. Olson & Associates, S.C., by Alan C. Olson, and, as and for a Complaint against the Defendant, Froedtert Health Inc., alleges as follows:

### NATURE OF CASE

1. Plaintiff, Lindsay Ginger ("Ginger") alleges that Defendant, Froedtert Health, Inc. ("Froedtert"), engaged in unlawful employment practices, when it discriminated against her based on her sex, and retaliated against her for engaging in the protected activity of reporting sexual harassment by a co-worker. Ginger's termination gives rise to claims under Title VII of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

2. Jurisdiction over Ginger's claims under Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*] is conferred on this Court by 28 U.S.C. § 1331.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that Defendant operates within the Eastern District and the unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4.     All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5.     Ginger demands that her cause of action be tried to a jury of her peers.

## PARTIES

6.     Plaintiff Ginger is an adult citizen of the United States, residing at 2870 Santa Barbara Drive, Brookfield, WI 53005.

7.     Defendant, Froedtert Health, Inc., was formed under the laws of Wisconsin, with its principal facility located at 900 N. 92nd Street, Milwaukee, WI 53226.

## OPERATIVE FACTS

8.     Ginger commenced employment with Froedtert on January 6, 2020, as a RN Case Manager at Froedtert Hospital.

9.     As of the last date of her employment with Froedtert, Ginger was employed as an Administrative Supervisor in the Community Hospital Division.

10.     On or about November 1, 2022, Ginger's fellow supervisor, Raymond Yanchunas, began using the Webex app to contact Ginger at work from his home early in the morning.

11.     On or about January 22, 2023, Yanchunas grabbed Ginger, tried to kiss her, and when she turned away, he kissed her neck.

12.     On or about February 1, 2023, Yanchunas told Ginger that they should take a trip out of town together and check out a few places. Ginger abruptly changed the subject and did not respond to Yanchunas' statement.

13. On or about February 2, 2023, Yanchunas grabbed Ginger, put his hands on her upper buttocks, pulled her in tightly, and tried to kiss her. Ginger leaned backwards to avoid further contact. When Yanchunas released Ginger, he told her to go home and get some rest. Yanchunas then slapped her left buttock so hard that it stung for a couple minutes afterwards.

14. During February and March 2023, Yanchunas continued making improper contact with Ginger by standing close to her chair with his hands on her shoulders or back.

15. During February and March 2023, Yanchunas continued making improper comments to Ginger such as, "seeing you made my day".

16. Ginger took steps to distance herself from Yanchunas in order to avoid his improper touching and comments.

17. Despite Ginger's efforts to avoid Yanchunas, he continued sending her Webex messages in the middle of the night.

18. On March 10, 2023, Ginger reported to Froedtert's HR department that she was being sexually harassed by a fellow supervisor.

19. No one representing Froedtert formally interviewed Ginger regarding her sexual harassment complaint.

20. No one representing Froedtert asked for Yanchunas' Webex messages.

21. On March 13, 2023, Ginger was placed on a Performance Improvement Plan (PIP).

22. On March 13, 2023, Ginger's employment was terminated.

23. Prior to March 13, 2023, Ginger had never received a written warning or any disciplinary or corrective action.

24. Froedtert failed to conduct an investigation into Ginger's complaints of sexual harassment until after Ginger had been terminated.

25. Froedtert's Harassment Free Workplace Policy states that, "sexual harassment, by definition has the purpose or effect of unreasonably interfering with an individual's work performance or work environment."

26. Froedtert failed to conduct a reasonable investigation to determine if Ginger's supposed "performance issues," were directly correlated to the sexual harassment.

27. Froedtert terminated Ginger's employment because of her sex.

28. Froedtert terminated Ginger's employment because she opposed sexual harassment in the workplace.

## FIRST COUNT
## SEXUAL HARASSMENT

29. As and for a first Count, Ginger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

30. § 2000e-2(a)(1) of Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee because of the employee's sex.

31. Sex discrimination includes sexual harassment that creates a hostile work environment.

32. While employed with Defendant, Plaintiff experienced sexual harassment by a coworker that was severe and pervasive.

33. The sexual harassment faced by Plaintiff created a hostile work environment.

**SECOND COUNT**
**RETALIATION**

34. As and for a second Count, Ginger re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

35. § 2000e-3(a) of Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee because the employee has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

36. On March 10, 2023, Ginger reported that a coworker had sexually harassed her.

37. After opposing sexual harassment in the workplace, Ginger was placed on a PIP and was terminated later that same day.

38. Froedtert terminated Ginger's employment because she opposed sexual harassment in the workplace.

Wherefore Plaintiff, Lindsay A. Ginger demands that judgment be entered and Defendant ordered to provide the following remedies:

A. Judgment against the above-named defendant awarding plaintiff compensatory damages for losses of wages, benefits, and expenses;

B. Judgment against the above-named defendant awarding plaintiff reinstatement and/or damages for monetary losses and expenses;

C. Judgment against the above-named defendant awarding plaintiff costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting these claims, together with interest on said fees; and

D. Such other relief as the Court deems just and equitable.

5

Dated this 7th day of February, 2025.

<u>*Electronically signed by Alan C. Olson*</u>
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com